# Exhibit 2

**FILED**

JUL 21 2014

WA SECRETARY OF STATE

603 243 406

07/21/14 2704974-002
$320.00 R
tid: 2798969

## ARTICLES OF ENTITY CONVERSION

These Articles of Entity Conversion (the "*Articles*") are filed in accordance with RCW 23B.09.040 and RCW 25.15.420, and provide for the following:

1. By the filing of these Articles, mya Number, LLC, a Washington limited liability company (the "*Converting Entity*") is hereby converted into mya Number Corp., a Washington corporation ("*the Surviving Entity*").

2. The name and form of Converting Entity before the conversion was: mya Number, LLC, a Washington limited liability company.

3. The name and form of Surviving Entity after the conversion is: mya Number Corp., a Washington corporation.

4. The Articles of Incorporation of the Surviving Entity are attached as **Exhibit 1** hereto.

5. The conversion shall be effective on the date that these Articles are filed with the Secretary of State of the State of Washington, pursuant to RCW 23B.09.040(4) and RCW 23B.01.230.

6. The conversion was duly approved by the members of the Converting Entity, in accordance with chapter 25.15 RCW, and also in accordance with the governing statute of the Surviving Entity.

These Articles of Entity Conversion are hereby approved by the following authorized representatives of the Converting Entity:

MYA NUMBER, LLC

_____     Date: 7.21.14
John T. Wantz II, Member

_____     Date: 7-21-14
Kyle M. Schei, Member

4

## EXHIBIT 1

**ARTICLES OF INCORPORATION OF
MYA NUMBER CORP.**

## ARTICLES OF INCORPORATION

## OF

## MYA NUMBER CORP.

### ARTICLE 1. NAME AND DURATION

The name of this corporation is MYA NUMBER CORP. (the "*Corporation*") and the duration of the corporation's existence shall be perpetual.

### ARTICLE 2. PURPOSE AND POWERS

The Corporation shall have the power to engage in any business, trade or activity which may lawfully be conducted by a corporation organized under the Washington Business Corporation Act (RCW Title 23B). The Corporation shall have the authority to engage in any and all such activities as are incidental or conducive to the attainment of the purpose of the Corporation and to exercise any and all powers authorized or permitted under any laws that may be now or hereafter become applicable or available to this corporation.

### ARTICLE 3. SHARES

3.1    Authorized Capital. The total authorized number of shares of the Corporation is Forty Million (40,000,000) shares; all of which shall be Common Stock, no par value per share.

### ARTICLE 4. PREEMPTIVE RIGHTS

No shareholder of this Corporation shall have, solely by reason of being a shareholder, any preemptive or preferential right or subscription right to any stock of this Corporation or to any obligations convertible into stock of this Corporation, or to any warrant or option for the purchase thereof.

### ARTICLE 5. CUMULATIVE VOTING

The shareholders of this Corporation shall not be entitled to cumulative voting as to the election of any Directors.

### ARTICLE 6. DIRECTORS

If a vacancy occurs on the Board, including a vacancy resulting from an increase in the number of Directors, the Board may fill the vacancy, or, if the Directors in office constitute fewer than a quorum of the Board, they may fill the vacancy by the affirmative vote of a majority of all the Directors in office. The shareholders may fill a vacancy only if there are no Directors in office.

### ARTICLE 7. CONTRACTS IN WHICH DIRECTORS HAVE AN INTEREST

Any contract or other transaction between this Corporation and one or more of its Directors, or between this Corporation and any corporation, firm, association, or other entity, of which one or more of this Corporation's Directors are shareholders, members, directors, officers or employees or in which they are interested, shall be valid for all purposes, notwithstanding the presence of such Director or Directors at the meeting of the Board which acts upon or in reference to such contract or transaction and notwithstanding the participation of such Director or Directors in such actions, by voting or otherwise,

even though the presence or vote, or both, of such Director or Directors might have been necessary to obligate this Corporation upon such contract or transaction; provided, that the fact of such interest shall be disclosed to or known by the Directors acting on such contract or transaction.

## ARTICLE 8. RELEASE AND INDEMNIFICATION

8.1     A Director of this Corporation shall not be personally liable to the Corporation or its shareholders for monetary damages for conduct as a Director, except for liability of the Director: (i) for acts or omissions that involve intentional misconduct by the Director or a knowing violation of law by the Director; (ii) for conduct violating RCW 23B.08.310 of the Washington Business Corporation Act; or (iii) for any transaction from which the Director will personally receive a benefit in money, property or services to which the Director is not legally entitled. If the Washington Business Corporation Act is amended in the future to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a Director of this Corporation shall be eliminated or limited to the fullest extent permitted by the Washington Business Corporation Act, as so amended, without any requirement of further action by the shareholders.

8.2     The Corporation shall indemnify any individual made a party to a proceeding because that individual is or was a Director of the Corporation and shall advance or reimburse the reasonable expenses incurred by the individual in advance of final disposition of the proceeding, to the extent such limitation may be disregarded if authorized by the Articles of Incorporation, to the full extent and under all circumstances permitted by applicable law, without regard to the limitations in RCW 23B.08.510 through 23B.08.550 and 23B.08.560(2) of the Washington Business Corporation Act, or any other limitation which may hereafter be enacted.

8.3     Any repeal or modification of this Article 8 by the shareholders of this Corporation shall not adversely affect any right of any individual who is or was a Director of the Corporation which existed at the time of such repeal or modification.

## ARTICLE 9. RIGHT TO AMEND ARTICLES OF INCORPORATION

This Corporation reserves the right to amend or repeal any of the provisions contained in its Articles of Incorporation in any manner now or hereafter permitted by law, and the rights of the shareholders of this Corporation are granted subject to this reservation.

## ARTICLE 10. BYLAWS

The Board shall have the power to adopt, amend, or repeal the Bylaws of this Corporation, subject to the power of the shareholders to amend or repeal such Bylaws. The shareholders shall also have the power to amend or repeal the Bylaws of this Corporation and to adopt new Bylaws.

## ARTICLE 11. SHAREHOLDER VOTING ON CERTAIN CORPORATE ACTION

The provisions of this Article 11 are specifically intended to reduce the voting requirements otherwise prescribed under RCW 23B.10.030, 23B.11.030, 23B.12.020 and 23B.14.020, in accordance with RCW 23B.07.270. Any corporate action for which the Washington Business Corporation Act, as then in effect, would otherwise require approval by either a two-thirds vote of the shareholders of the Corporation or by a two-thirds vote of one or more voting groups shall be deemed approved by the shareholders or the voting group(s) if it is approved by the affirmative vote of the holders of a majority of shares entitled to vote or, if approval by voting groups is required, by the holders of a majority of shares of each voting group entitled to vote separately. Notwithstanding this Article 11, effect shall be given to

any other provision of these Articles of Incorporation that specifically requires a greater vote for approval of any particular corporate action. In addition, except as otherwise provided in these Articles of Incorporation, as amended from time to time, the application of separate voting group rights under RCW 23B.10.040(1)(a), (e) or (f) or 23B.11.035 (or any related section concerning voting group rights as to mergers or share exchanges) is hereby explicitly denied.

### ARTICLE 12. SHAREHOLDER ACTION BY WRITTEN CONSENT

Action required or permitted to be taken at a shareholders' meeting may be taken without a meeting or a vote if either:

(a) The action is taken by written consent of all shareholders entitled to vote on the action; or

(b) So long as this Corporation is not a public company, the action is taken by written consent of shareholders holding of record, or otherwise entitled to vote, in the aggregate not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote on the action were present and voted.

To the extent the Washington Business Corporation Act requires notice of any such action to be given to nonconsenting or nonvoting shareholders, such notice shall be given promptly by the Corporation, or by another person soliciting consents, to nonconsenting shareholders or, if applicable pursuant to such statute, to nonvoting shareholders after the record date and delivery to the Corporation of shareholder consents sufficient to approve the corporate action. The notice shall be in the form of a record and shall contain or be accompanied by the same material that, under the Washington Business Corporation Act, would have been required to be delivered to nonconsenting or nonvoting shareholders in a notice of meeting at which the proposed action would have been submitted for shareholder action. Such notice shall be provided in the same manner as the Bylaws of this Corporation or these Articles of Incorporation require or permit other notices to shareholders to be provided.

### ARTICLE 13. QUORUM FOR MEETINGS OF SHAREHOLDERS

Except with respect to any greater requirement contained in these Articles of Incorporation or the Washington Business Corporation Act, a majority of the votes entitled to be cast on a matter by the holders of shares that, pursuant to the Articles of Incorporation or the Washington Business Corporation Act, are entitled to vote and be counted collectively upon such matter, represented in person or by proxy, shall constitute a quorum of such shares at a meeting of shareholders.

### ARTICLE 14. REGISTERED OFFICE AND AGENT

The address of the registered office of the Corporation is 315 Fifth Avenue S., Suite 1000, Seattle, Washington 98104, and the name of the registered agent at such address is SLG Registered Agent, LLC.

## ARTICLE 15. INCORPORATOR

The name and address of the incorporator is:

| Name | Address |
|---|---|
| Andrew W. Shawber | 315 Fifth Avenue S., Suite 1000<br>Seattle, Washington 98104 |

Dated July 21, 2014

Andrew W. Shawber, Incorporator

-4-

## CONSENT TO APPOINTMENT AS REGISTERED AGENT

SLG Registered Agent, LLC hereby consents to serve as registered agent, in the State of Washington, for the following corporation (the "*Corporation*"):

mya Number Corp.

The Agent understands that as agent for the Corporation, it will be its responsibility to accept Service of Process in the name of the Corporation; to forward all mail and license renewals to the appropriate officer(s) of the Corporation; and to immediately notify the Office of the Secretary of State of my resignation or of any changes in the address of the registered office of the Corporation for which it is agent.

Dated: July 21, 2014

SLG Registered Agent, LLC

Andrew W. Shawber, Manager

315 Fifth Avenue S., Suite 1000
Seattle, Washington 98104

**STATE OF WASHINGTON**
**SECRETARY OF STATE**

# Transaction Request Form

*This Box For Office Use Only*

**CHECK ONE:** ☐ EXPEDITE ($50)   ☐ ROUTINE (NO EXTRA $)   ☑ COUNTER WAIT ($50)

**Name of Entity/UBI #**
*Daily limit of Three (3) Requests – Please Print*

**Transaction**
*Use Codes Listed Below*

1. MYA NUMBER LLC convert to MYA NUMBER CORP — A
2. The required Annual Report is due
3. by Oct 2014

## Transaction Request Codes

**File Documents**

A. Articles
B. Reinstatement
C. Summons
D. Trademark
E. Apostilles: Country _____
F. Other _____

**View/Obtain Documents**

G. Long Form Certificate of Existence
H. Short Form Certificate of Existence
I. Photocopies of _____
J. Certified Copies of _____
K. Other _____
Additional Information: _____

## Transaction Requested By:

Name: FAIRCHILD RECORD SEARCH
Address: PO BOX 1368
         OLYMPIA, WA 98501
Phone Number: (360)786-8775
Email Address: FANNY@RECORDSEARCH.COM/ DEBBIE@RECORDSEARCH.COM

**FAIRCHILD RECORD SEARCH**

### Office Use Only

| | |
|---|---|
| COS _____ | INC./QUAL./REINST._____ |
| COP _____ | AMD./MER./DISS._____ |
| PHO _____ | ANN.RPT./AGENT_____ |
| APO _____ | RES./REG._____ |
| OTHER _____ | TRADEMARK_____ |
| EXP FEE _____ | OTHER _____ |
| TOTAL _____ | TOTAL _____ |

Transaction Request Form       Washington Secretary of State       Revised 3/12