UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETWORK APPS, LLC, KYLE SCHEI, and JOHN WANTZ,<br><br>                    Plaintiffs,<br><br>          v.<br><br>AT&T INC., AT&T CORP., AT&T MOBILITY LLC, and AT&T SERVICES, INC.,<br><br>                    Defendants. | Civil Action No. 21-cv-00718-KPF<br><br>**EXHIBIT ONE TO CIVIL CASE MANAGEMENT PLAN AND PROPOSED SCHEDULING ORDER** |

**EXHIBIT ONE TO [PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER:**

**PARTIES' POSITIONS WHERE AGREEMENT WAS NOT REACHED**

On Monday, March 29, 2021, counsel for Plaintiffs Network Apps, LLC, John Wantz, and Kyle Schei (together, "Plaintiffs") met and conferred with counsel for Defendants A&T Mobility LLC and AT&T Services, Inc. (collectively, "AT&T") pursuant to their obligations under Fed. R. Civ. P. 26(f).

The parties did not reach agreement on the following portions of the Court's model Case Management Plan and Scheduling Order. The areas of disagreement are described below following the numbering on the Court's model order. For convenience, a table with each proposed interim deadline is included at the end of this submission.

**4.   Amended Pleadings.**

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that any motion to amend or to join additional parties shall be filed within <u>30</u> days from the date the Court so-orders the scheduling order.

Defendants contend that this portion of the scheduling order is premature because they seek a stay of discovery.  Defendants contend setting this deadline should be set after decision on their to-be-filed motions.

**5.     Initial Disclosures**.

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that, absent agreement between the parties, Fed. R. Civ. P. 26(a)(1)(C) is the appropriate default rule.  This Rule provides that "A party must make the initial disclosures at or with 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ."  Consequently, Plaintiffs served their initial disclosures on April 12, 2021.

Defendants contend that the Court's model case management plan modifies the default rule and permits service of initial disclosures "14 days following the initial pretrial conference," which has not been set.  Defendants contend setting this deadline is premature and that the deadline for service of initial disclosures should be set after decision on their to-be-filed motions.

**7.  Discovery**

**7(e): Completion of Fact Discovery**.

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that fact discovery should close on <u>February 11, 2022</u>.  The duration from case initiation to close of fact discovery comports with other patent cases handled by the Court.

Defendants contend setting this deadline is premature and should be set after decision on their to-be-filed motions.

**7(f): Expert Discovery.**

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that expert discovery should close on June 6, 2022. The duration from case initiation to close of expert discovery comports with other patent cases handled by the Court.

Defendants contend setting this deadline is premature and should be set after decision on their to-be-filed motions.

### 8. Interim Discovery Deadlines

**8(b): Interrogatories pursuant to L.R. 33.3(a).**

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that initial interrogatories should be served by April 26, 2021.

Defendants contend that this deadline is premature and should be set after decision on their to-be-filed motions.

**8(d). Depositions of fact witnesses.**

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that depositions of fact witnesses should be completed by November 30, 2021.

Defendants contend that this deadline is premature and should be set after decision on their to-be-filed motions.

**8(e). Requests to Admit.**

At the 26(f) conference, the parties did not reach agreement.

Plaintiffs contend that Requests to Admit should be served by December 31, 2021.

Defendants contend that this deadline is premature and should be set after decision on their to-be-filed motions.

1798359.3

20. **Other Issues**:

**Number of Depositions:** At the 26(f) conference, the Parties agreed that each side may need 15 depositions, a number for which the parties will require leave of Court under Fed. R. Civ. P. 30(a)(2)(A)(i)

**Patent Deadlines:** At the 26(f) conference, the parties could not reach agreement on interim deadlines for patent-specific matters. Further, the date of the claim construction hearing depends on the Court's schedule.

**Dispositive Motions:** Plaintiffs propose March 16, 2022 as the deadline for submission of dispositive motions. Defendants have not expressed a position.

For the Court's convenience, the table below sets forth each proposed deadline and the parties' positions on that deadline:

| Matter | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| **Interim Fact Discovery Deadlines** | | |
| Initial Disclosures, and Plaintiff and Defendant to produce initial set of relevant documentsidentified in their Initial Disclosures and continue to supplement. | April 12, 2021 | Deadline premature |
| Initial Interrogatories | April 26, 2021 | Deadline premature |
| Last Day to Amend Pleadings | October 20, 2021 | Deadline premature |
| Depositions complete | November 30, 2021 | Deadline premature |
| Requests for Admission | December 31, 2021 | Deadline premature |
| Fact Discovery Completion Date | February 11, 2022 | Deadline premature |
| Dispositive Motions | March 16, 2022 | Not addressed |
| **Interim Patent Deadlines** | | |
| Disclosure of Asserted Claims and Infringement Contentions (LPR 6) | June 4, 2021 | Deadline premature |
| Invalidity Contentions (LPR 7) | July 19, 2021 | Deadline premature |
| Filing of Joint Disputed Claim Terms Chart (LPR 11) | August 6, 2021 | Deadline premature |
| Filing of Opening Claim Construction Brief by Plaintiff (LPR 12(a)) | September 8, 2021 | Deadline premature |
| Filing of Responsive Claim Construction Brief by | October 8, 2021 | Deadline premature |

1798359.3

| | | |
|---|---|---|
| Defendant (LPR 12(b)) | | |
| Filing of Reply Claim Construction Brief by Plaintiff (LPR 12(c)) | October 18, 2021 | Deadline premature |
| Claim Construction Hearing before District Judge Katherine Polk Failla | [TBA] | Deadline premature |
| **Expert Discovery** | | |
| Opening expert witness disclosures (Fed. R. Civ. P. 26(a)(2)) | March 16, 2022 | Deadline premature |
| Rebuttal expert witness disclosures | April 18, 2022 | Deadline premature |
| Reply (limited to Defendant's rebuttal of Plaintiff's secondaryconsiderations of non-obviousness) | May 6, 2022 | Deadline premature |
| Expert Depositions | June 6, 2022 | Deadline premature |
| Expert Discovery Completion Date | June 6, 2022 | Deadline premature |
| **Pre-trial Practice** | | |
| Joint Pretrial Order | July 6, 2022 | Deadline premature |
| Trial | August 2022 | Deadline premature |

1798359.3

Dated:  April 15, 2021                  Respectfully submitted,

BROWNE GEORGE ROSS O'BRIEN
ANNAGUEY & ELLIS LLP

By:  S/ Richard A. Schwartz_____
       Richard A. Schwartz (*pro hac vice*)
Peter W. Ross
Richard A. Schwartz
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Tel: (213) 725-9800
rschwartz@bgrfirm.com

Stephen P. Farrelly
Jeffrey A. Mitchell
5 Penn Plaza, 24th Floor
New York, New York 10001
Telephone:  (212) 413-2600
Facsimile:  (212) 413-2629
jmitchell@bgrfirm.com
sfarrely@bgrfirm.com

CADWELL CLONTS & REEDER LLP
Kevin E. Cadwell
David R. Clonts
Michael F. Reeder II
Lisa Thomas
One Riverway, Suite 1700
Houston TX 77056
Tel: (713) 360-1560
kcadwell@cadwellclontsreeder.com
dclonts@cadwellclontsreeder.com
mreeder@cadwellclontsreeder.com
lthomas@cadwellclontsreeder.com

*Attorneys for Plaintiffs*

1798359.3