

1(650) 320-1808
chriskennerly@paulhastings.com

June 29, 2021

**Via ECF and E-Mail**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *Network Apps, LLC et al v. AT&T Inc. et al*, Civ. No. 21-cv-00718-KPF
Motion to Seal AT&T Defendants' Motion to Disqualify Opposing Counsel

Dear Judge Failla:

Pursuant to Section 9(C) of this Court's Individual Rules of Practice, Defendants AT&T Mobility LLC and AT&T Services, Inc. (collectively "AT&T") submit this letter motion for leave to file under seal portions of their Motion to Disqualify Opposing Counsel ("Motion to Disqualify"). AT&T previously requested and received leave to submit privileged documents *ex parte* for *in camera* review. *See* Dkt. 60 at 2. Accordingly, AT&T submits for *in camera* review Exhibits 2–5, 14, 16, 18, 21–22, and 25–33, which are attached to and identified in the public Declaration of Joshua Yin in Support of AT&T Defendants' Motion to Disqualify Opposing Counsel. In addition to submitting documents for *in camera* review, AT&T moves for leave to file under seal identified portions of its Motion to Disqualify, identified portions of the supporting declarations of Justin McNamara and Feza Buyukdura, and Exhibits 15, 17, 20, and 24. The information and documents pertain to: (1) non-public technical information regarding the function and operation of AT&T's proprietary systems, (2) discovery and deposition documents previously designated as "Highly Confidential" in prior cases, (3) specific dollar figures for attorney and mediator compensation, and (4) names of and participants in specific, non-public confidential research projects.

The Second Circuit follows a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court looks to whether the document at issue is a "judicial document," that is "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Second, the court determines the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). Finally, the court determines whether the party moving to seal has demonstrated that the presumption of public access is overcome by the need to protect "higher values." *Id*. at 120.

The Motion to Disqualify at issue is a "judicial document" to which the presumption of public access applies because it has been submitted to this Court to enable it to adjudicate the parties' dispute about opposing counsel's conflicts of interest. *See id*. at 119.

However, the presumption of public access should not be given much weight here. Courts typically conclude that the weight of the presumption of public access is strong in situations "where documents are used to determine litigants' substantive legal rights." *Id*. at 121. The Motion to Disqualify, in contrast, relates to a dispute about opposing counsel's conflicts of interest and is not dispositive of any merits issue in this



case. The merits issues do not turn on the documents underlying opposing counsel's confidential working relationship with AT&T. In similar cases involving non-dispositive motions, courts in this district have concluded that the presumption of public access should not be accorded much weight. *See, e.g.*, *IBM v. Rodrigo Lima*, No. 20-cv-04573, 2020 WL 6048773, at *2 (S.D.N.Y. Oct. 13, 2020) (concluding that the presumption should be afforded "moderate weight" where the requests for redaction were "submitted in connection with [a] preliminary injunction motion—not a full trial on the merits"); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07 CIV. 10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) ("[T]he presumption of access is weak relative to a document considered in connection with a motion that is potentially dispositive on the merits.").

There is a strong consideration weighing against public access here, because the portions of the Motion to Disqualify that AT&T seeks to redact contain confidential and privileged information. As to the first category of documents—which concerns AT&T's proprietary technical information—courts generally recognize that the privacy interests in redacting or sealing information of this type is high. *See Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10-cv-6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products."); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

So too for the second category of information, which relates to documents previously designated as "Highly Confidential" in prior cases. These documents include deposition testimony and an exhibit, a response to a deposition notice, and a witness declaration. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("pretrial depositions and interrogatories are not public components of a civil trial"); *Uni-Systems v. United States Tennis Ass'n*, No. 17-cv-147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020) (recognizing that a low presumption of public access is typically attributed to documents and information exchanged in discovery).

The third category of information covers specific dollar amounts paid by AT&T for attorney and mediator compensation. Not only is this information subject to the attorney client privilege, it is also of the type regularly sealed by courts. *See Lumos Tech. Co. v. JEDMED Instrument Co.*, No. 16-cv-06939 Dkt. 142 (S.D.N.Y. Jan. 17, 2018) (granting letter motion to seal legal billing records submitted as exhibits); *Bretillot v. Burrow*, No. 14-cv-7633, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015), *report and recommendation adopted*, No. 14-cv-7633, 2015 WL 6455155 (S.D.N.Y. Oct. 26, 2015) (sealing work product and attorney-client communications while acknowledging that "not every word, or even every paragraph or section, of these documents references privileged material").

Finally, the fourth category of information covers names of and participants in specific, non-public confidential research projects. The disclosure of confidential business information is adverse to AT&T's privacy interests. "[C]ourts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *see also Lugosch*, 435 F.3d at 120 (sealing information that has not "historically been open to the press and general public.").



For these reasons, AT&T seeks the Court's permission to file under seal portions of its Motion to Disqualify Opposing Counsel.

Respectfully submitted,

*S/ Christopher W. Kennerly*

Christopher W. Kennerly
of PAUL HASTINGS LLP

*Attorney for Defendants*

cc: All Counsel of Record (via ECF)

```
Application GRANTED.  AT&T may file the previewed portions of its
Motion to Disqualify Opposing Counsel under seal, such that they
are viewable to the Court and parties only.

Dated:     June 30, 2021             SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

```
                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```