UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETWORK APPS, LLC, a Washington limited liability company; KYLE SCHEI, an individual; and JOHN WANTZ, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>AT&T MOBILITY LLC, a Delaware limited liability company; and AT&T SERVICES, INC., a Delaware corporation,<br><br>　　　　　　　　Defendants. | CASE NO. 1:21-cv-00718-KPF<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' MOTION TO DISQUALIFY OPPOSING COUNSEL** |

　　　　WHEREAS Plaintiffs Network Apps, LLC, Kyle Schei, and John Wantz (collectively, "Plaintiffs") and Defendants AT&T Mobility LLC and AT&T Services, Inc. (collectively, "AT&T") (collectively the "Parties" and each a "Party") have agreed to the following terms of confidentiality;

　　　　WHEREAS Plaintiffs seek permission for Dr. Michael Mitzenmacher to review documents filed under seal in support of AT&T's Motion to Disqualify Opposing Counsel (Dkts. 68, 69, 70, and 71-1, 71-2, 71-3, and 71-4);

　　　　WHEREAS AT&T has also filed documents *ex parte* for *in camera* review in support of AT&T's Motion to Disqualify Opposing Counsel (Dkt. 72), but Plaintiffs do not currently seek permission to review any such documents filed *ex parte* and hence such documents are not the subject of this stipulation and order;

　　　　WHEREAS the Parties anticipate the possibility that a Party may seek leave to file additional documents under seal in support of Plaintiffs' opposition papers due on or before July 29, 2021 and/or AT&T's reply papers due on or before August 12, 2021, but take no position on the propriety or necessity of sealing any such documents or information at this time;

　　　　WHEREAS AT&T disputes whether opinion testimony or other evidence from technical experts is necessary or appropriate for the Court's resolution of AT&T's Motion to Disqualify Opposing Counsel, but in an abundance of caution, AT&T also seeks permission for an outside technical expert to review documents filed by any Party under seal in connection with AT&T's Motion to Disqualify Opposing Counsel;

　　　　WHEREAS Plaintiffs confirm that (1) Dr. Mitzenmacher does not recall serving as a testifying or consultant expert witness in any litigation matter in which AT&T or a known related entity was a party, and (2) Dr. Mitzenmacher does not recall consulting with or for AT&T or a related entity on another matter since 2001;

WHEREAS the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to the documents and information filed under seal in support of AT&T's Motion to Disqualify Opposing Counsel (Dkts. 68, 69, 70, and 71-1, 71-2, 71-3, and 71-4) and any additional documents this Court orders to be sealed in connection with Plaintiffs' opposition and/or AT&T's reply (collectively, "Sealed Information"):

1. All Sealed Information shall not be disclosed, displayed, or otherwise conveyed to any person, except:

   a. Parties and their counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Outside consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Sealed Information by virtue of his or her position with the Court).

2. Prior to disclosing, displaying, or otherwise conveying Sealed Information to any person, counsel must:

   a. Inform the person of the confidential nature of Sealed Information;

   b. Inform the person that this Court has enjoined the use of Sealed Information by him/her for any purpose other than this litigation and has enjoined the disclosure of the Sealed Information to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

3. AT&T requests that Mr. Kevin E. Cadwell, Mr. David R. Clonts, and Mr. Michael F. Reeder not discuss with any outside experts retained by Plaintiffs any non-public functions and operation of AT&T proprietary systems learned during their previous representations of AT&T, unless and until the Motion to Disqualify Opposing Counsel is resolved in Plaintiffs' favor. Plaintiffs state that Mr. Cadwell, Mr. Clonts, and Mr. Reeder have no such information and agree that they will comply with AT&T's request, as set forth in this paragraph.

4. Pursuant to Federal Rule of Evidence 502, with respect to the Sealed Information, production of privileged, work product, or otherwise protected documents, communications, and electronically stored information ("ESI"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. With respect to the Sealed Information, this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

SO STIPULATED AND AGREED.

Dated: July 8, 2021                    Respectfully submitted,

                                        PAUL HASTINGS LLP

                                  By: _/s/ Christopher W. Kennerly_____

                                        Christopher W. Kennerly
                                        chriskennerly@paulhastings.com
                                        Alexander H. Lee
                                        alexanderlee@paulhastings.com
                                        Joshua Yin
                                        joshuayin@paulhastings.com
                                        1117 S. California Avenue
                                        Palo Alto, California  94304-1106
                                        Telephone:  1(650) 320-1800
                                        Facsimile:  1(650) 320-1900

                                        Robert Laurenzi
                                        robertlaurenzi@paulhastings.com
                                        Katherine K. Solomon
                                        katherinesolomon@paulhastings.com
                                        200 Park Avenue, 26th Floor
                                        New York, NY 10166
                                        Telephone: (212) 318-6000
                                        Facsimile: (212) 318-6100

                                        Attorneys for Defendants

Dated: July 8, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP

By: _____
Peter W. Ross
Richard A. Schwartz
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90071
Telephone: (310) 274-7100
Facsimile: (310) 275-5697 (310)
pross@bgrfirm.com
rschwartz@bgrfirm.com

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Jeffrey A. Mitchell
Stephen P. Farrelly
5 Penn Plaza, 24th Floor
New York, New York 10001
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
jmitchell@bgrfirm.com
sfarrelly@bgrfirm.com

CADWELL CLONTS & REEDER LLP
Kevin E. Cadwell
David R. Clonts
Michael F. Reeder II
One Riverway, Suite 1700
Houston, Texas 77056
Telephone: (713) 360-1560
kcadwell@cadwellclontsreeder.com
dclonts@cadwellclontsreeder.com
mreeder@cadwellclontsreeder.com

Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: July 9, 2021            _____
Hon. Katherine Polk Failla
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETWORK APPS, LLC, a Washington limited liability company; KYLE SCHEI, an individual; and JOHN WANTZ, an individual,<br><br>        Plaintiffs,<br><br>  -against-<br><br>AT&T MOBILITY LLC, a Delaware limited liability company; and AT&T SERVICES, INC., a Delaware corporation,<br><br>        Defendants. | CASE NO. 1:21-cv-00718-KPF<br><br>**NON-DISCLOSURE AGREEMENT (EXHIBIT A)** |

    I,_____, have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been filed under seal. I have been informed that any such documents or information are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. At the conclusion of the litigation, I will either return all information to the party or attorney from whom I received it, or destroy such information.

    By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Non-Disclosure Agreement could subject me to punishment for contempt of Court.

_____
Date

_____
Signature