

5 Penn Plaza, 24th Floor
New York, NY 10001
www.bgrfirm.com

Stephen P. Farrelly
212.413.2610
sfarrelly@bgrfirm.com

July 29, 2021

**VIA ECF and Email**

Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States District Courthouse
40 Foley Square, Room 2103
New York, New York 1000



    Re:   *Network Apps, LLC et al. v. AT&T Inc. et al.*, Case No. 21-cv-718-KPF: Motion to Seal Plaintiffs' Opposition to Defendants' Motion to Disqualify Counsel

Dear Judge Failla:

    Together with counsel from Cadwell Clonts & Reeder LLP, we represent Plaintiffs in the above-captioned matter. We submit this letter-motion pursuant to the Court's individual rules of practice 9(c) to request that the Court grant Plaintiffs leave to file redacted versions of the following documents as well as to file under seal unredacted versions of the same documents: (a) Plaintiffs' Opposition to Defendants' Motion to Disqualify Opposing Counsel; (b) the Declaration of David Clonts; (c) the Declaration of Kevin Cadwell, and (d) the Declaration of Dr. Michael Mitzenmacher (collectively, the "Sealed Documents").

    The portions of the Sealed Documents we seek to have sealed all reflect information that was previously sealed by order of this Court. *See* Dkt. # 73 (Minute Order appended to Defendants' Motion to Seal). Thus, although we take no position on the merits of whether the information should be kept confidential, in an effort to follow this Court's prior ruling and to avoid potential motion practice by Defendants, we respectfully request that the Court grant Plaintiffs' letter-motion to file the Sealed Documents under seal and to file redacted versions omitting any potentially confidential information in the public file.

    The portions of the Sealed Documents that we request to have sealed consist of information taken from AT&T's Motion to Disqualify that were filed under seal including: (a) descriptions and characterizations of some of the subject matter of Clonts's and Cadwell's prior matters; and (b) characterizations of statements made by AT&T's declarants.

    In granting Defendants' previous Motion to Seal, Dkt. #67, the Court followed the three-step process set forth in *Lugosch v. Pyramid Co. of Onondega*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under that procedure, a court (1) examines whether the documents are "judicial records" subject to the presumption of public access; (2) determines the weight to be ascribed to the

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP

Hon. Katherine Polk Failla, U.S.D.J.
July 29, 2021
Page 2

presumption in light of the extent to which the material sought to be sealed affects adjudication of the case; and (3) balances competing considerations against public disclosure. *Id.*

Here, Defendants conceded that the material they sought to seal is a judicial record within the meaning of the test articulated by *Lugosch*. *See* Dkt. #67 at 1 ("The Motion to Disqualify is a 'judicial document' to which the presumption of public access applies . . . ."). In granting Defendants' prior request to seal, the Court necessarily concluded that the factors weighing against public disclosure of the information outweighed the public's interest in monitoring the courts, which can only be achieved by open records and open courtrooms.

Nothing about the sensitivity of the information has changed in the time since the Court granted Defendants' motion to seal. The information contained in the documents has not been publicly disclosed, and the brief passage of time—some four weeks—presumably has not lessened the sensitivity of the information for Defendants.

Therefore, because the Court has previously ordered the same information sealed elsewhere, and because none of the factors have changed in the time since the information was sealed, Plaintiffs request that the Court grant permission to Plaintiffs to publicly file redacted versions of the Sealed Documents and to file under seal unredacted versions of the same.

Respectfully submitted,

Stephen P. Farrelly

spf:spf

cc: All counsel of record via ECF

1864238.2

Application GRANTED.

Dated:   July 29, 2021
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE