

1(650) 320-1808
chriskennerly@paulhastings.com

August 12, 2021

**Via ECF and E-Mail**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *Network Apps, LLC et al v. AT&T Inc. et al*, Civ. No. 21-cv-00718-KPF
Motion to Seal AT&T Defendants' Reply in Support of AT&T's Motion to Disqualify Opposing Counsel and Request for Judicial Notice

Dear Judge Failla:

Pursuant to Section 9(C) of this Court's Individual Rules of Practice, Defendants AT&T Mobility LLC and AT&T Services, Inc. (collectively, "AT&T") submit this letter motion for leave to file under seal portions of their Reply in Support of AT&T's Motion to Disqualify Opposing Counsel ("Reply")—including certain exhibits that were previously sealed.

On April 28, 2021, the Court granted AT&T's unopposed request to submit privileged documents *ex parte* for *in camera* review. Dkt. 60 at 2. On June 29, 2021, AT&T filed *ex parte* Exhibits 2-5, 14, 16, 18, 21-22, and 25-33 to the Declaration of Joshua Yin in Support of AT&T's Motion to Disqualify Opposing Counsel ("Yin Declaration"). Dkt. 72. On June 30, 2021, the Court granted AT&T's motion to seal identified portions of its opening brief, supporting declarations, and Exhibits 15, 17, 20, and 24 to the Yin Declaration. Dkt. 73 at 3. On July 29, 2021, Plaintiffs Network Apps, LLC, Kyle Schei, and John Wantz ("Plaintiffs") filed their opposition papers, which included evidentiary objections to Exhibits 1-5, 8-10, 14-33 to the Yin Declaration. Dkt. 88. On July 29, 2021, the Court granted Plaintiffs' motion to seal identified portions of Plaintiffs' opposition and supporting declarations. Dkt. 89.

Although AT&T disagrees with Plaintiffs' objections, out of an abundance of caution and to avoid further disagreement, AT&T re-submits the same documents attached to the declarations of records custodians. Previously submitted Exhibits 2-5 to the Yin Declaration are attached to the Declaration of Paula Phillips. Previously submitted Exhibits 14-22 and 24 to the Yin Declaration are attached to the Declaration of Roger Fulghum. Previously submitted Exhibits 25-33 to the Yin Declaration are attached to the Declaration of Clare Tokarski. **The numbering and content of all exhibits remains unchanged.**

As before, AT&T submits for *in camera* review Exhibits 2-5 of the Phillips Declaration, Exhibits 14, 16, 18, and 21-22 of the Fulghum Declaration, and Exhibits 25-33 of the Tokarski Declaration. AT&T again moves to seal Exhibits 15, 17, 20, and 24 of the Fulghum Declaration. AT&T also moves to seal identified portions of its Reply and identified portions of the Declaration of Mr. James R. Bress. These identified portions all reflect information previously sealed by orders of the Court. *See* Dkts. 73 and 89.

The Second Circuit follows a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court looks to whether the document at issue is a "judicial document," that is "relevant to the performance of the judicial function and



Hon. Katherine Polk Failla, U.S.D.J.
August 12, 2021
Page 2

useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Second, the court determines the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). Finally, the court determines whether the party moving to seal has demonstrated that the presumption of public access is overcome by the need to protect "higher values." *Id.* at 120.

In granting AT&T's and Plaintiffs' previous motions to seal, the Court necessarily concluded that the factors weighing against public disclosure of the information outweighed the public's interest in monitoring the courts, which can only be achieved by open records and open courtrooms. Nothing about the sensitivity of the information has changed in the time since the Court granted AT&T's or Plaintiffs' motions to seal. The information contained in the documents has not been publicly disclosed and the brief passage of time has not lessened the sensitivity of the information.

AT&T further requests the Court take judicial notice of Exhibits 23 and 34 to the Yin Declaration. Exhibits 23 is a publicly available court document filed in *Celltrace LLC v. AT&T, Inc.*, Civ. No. 6:09-cv-00294 (E.D. Tex. July 27, 2010) (Dkt. 193). Exhibit 34 is a publicly available court document filed in *Technology Patent LLC v. AT&T et al.*, Civ. No. 8:07-cv-03012 (D. Md. Aug. 4, 2011) (Dkt. 1529). AT&T requests the Court take judicial notice "not for the truth of the matters asserted . . . , but rather to establish the fact of such litigation and related filings." *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013). Judicial notice of Exhibits 23 and 34 is proper because the documents at issue are a fact not subject to reasonable dispute that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

For these reasons, AT&T requests that the Court take judicial notice of Exhibits 23 and 34, and seeks the Court's permission to file under seal portions of identified portions of its Reply, the declaration of James Bress, and Exhibits 15, 17, 20, and 24 of the Fulghum Declaration.

Respectfully submitted,

*S/ Christopher W. Kennerly*

Christopher W. Kennerly
of PAUL HASTINGS LLP

*Attorney for Defendants*

cc:     All Counsel of Record (via ECF)

```
The Court is in receipt of Defendants' letter seeking leave to
file certain portions of its reply brief and supporting
documents under seal, and hereby GRANTS Defendants' request.
Defendants may file under seal the documents identified in the
above letter.                        SO ORDERED.


Dated:    August 13, 2021
          New York, New York
                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```