

5 Penn Plaza, 24th Floor
New York, NY 10001
www.bgrfirm.com

Stephen P. Farrelly
212.413.2610
sfarrelly@bgrfirm.com

**MEMO ENDORSED**          August 30, 2021

**VIA ECF and Email**

Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States District Courthouse
40 Foley Square, Room 2103
New York, New York 1000

    Re:    *Network Apps, LLC et al. v. AT&T Inc. et al.*, Case No. 21-cv-718-KPF: Motion to Seal Rebuttal Declaration in Further Opposition to Defendants' Motion to <u>Disqualify Counsel</u>

Dear Judge Failla:

    Together with counsel from Cadwell Clonts & Reeder LLP, we represent Plaintiffs in the above-captioned matter. We submit this letter-motion pursuant to the Court's individual rules of practice 9(c) to request that the Court grant Plaintiffs leave to file a redacted version of the Rebuttal Declaration of Dr. Michael Mitzenmacher and that the Court seal the unredacted version.

    The portions of the Rebuttal Declaration we seek to have sealed reflect information that was previously sealed by order of this Court. *See* Dkt. ## 73, 103 (Orders granting prior motions to seal). Thus, although we take no position on the merits of whether the information should be kept confidential, in an effort to follow this Court's prior rulings and to avoid potential motion practice by Defendants, we respectfully request that the Court grant Plaintiffs' letter-motion to file the Rebuttal Declaration under seal and to file a redacted version omitting any potentially confidential information on the public docket.

    The portions of the Rebuttal Declaration that we request to have sealed consist of information taken from AT&T's sealed Reply Memorandum of Law [Dkt. # 97] and the Declaration of James Bress [Dkt. # 98]. The information consists of: (a) descriptions and characterizations of some of the subject matter of Clonts's and Cadwell's prior matters; and (b) assertions of fact made in the Declaration of James Bress that have been sealed.

    In granting Defendants' previous Motions to Seal, Dkt. ## 67, 90] the Court followed the three-step process set forth in *Lugosch v. Pyramid Co. of Onondega*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under that procedure, a court (1) examines whether the documents are "judicial records" subject to the presumption of public access; (2) determines the weight to be ascribed to the presumption in light of the extent to which the material sought to be sealed affects

1864238.3

**BROWNE GEORGE ROSS**
**O'BRIEN ANNAGUEY & ELLIS LLP**

Hon. Katherine Polk Failla, U.S.D.J.
August 30, 2021
Page 2

adjudication of the case; and (3) balances competing considerations against public disclosure. *Id.*

Here, the Court has twice performed this test with respect to the same materials, and Plaintiffs introduce no material here that has not already been ordered sealed previously. The Court has determined, following Defendants' concession, that the materials are judicial materials within the scope of *Lugosch*. In granting Defendants' prior requests to seal, the Court necessarily concluded that the factors weighing against public disclosure of the information outweighed the public's interest in monitoring the courts, which can only be achieved by open records and open courtrooms.

Nothing about the sensitivity of the information has changed in the time since the Court granted these motions to seal. The information contained in the Rebuttal Declaration has not been publicly disclosed, and the brief passage of time presumably has not lessened the sensitivity of the information for Defendants.

Therefore, because the Court has previously ordered the same information sealed elsewhere, and because none of the factors have changed in the time since the information was sealed, Plaintiffs request that the Court grant permission to Plaintiffs to publicly file a redacted version of the Rebuttal Declaration and to file under seal an unredacted version of the same.

Respectfully submitted,

Stephen P. Farrelly

spf:spf

cc: All counsel of record via ECF

1864238.3

```
Application GRANTED.  Plaintiffs are permitted to publicly file a
redacted version of the Rebuttal Declaration, and to file an
unredacted version under seal.  The Court cautions, however, that to
the extent the Rebuttal Declaration is being employed as a means of
circumventing the Court's page limits, it will not be considered by
the Court.

Dated:    August 31, 2021               SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE