

1(650) 320-1808
chriskennerly@paulhastings.com

June 24, 2022



**VIA ECF AND E-MAIL**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re:    *Network Apps, LLC et al. v. AT&T Inc. et al.*, Civ. No. 21-cv-00718-KPF
           Motion to Seal AT&T Defendants' Motion to Dismiss and Request for Judicial Notice

Dear Judge Failla:

    Pursuant to Section 9(C) of this Court's Individual Rules of Practice, Defendants AT&T Mobility LLC and AT&T Services, Inc. submit this letter motion for leave to file under seal identified portions of their Motion to Dismiss.  The information and documents pertain to proprietary and confidential technical and business information of Plaintiffs and Defendants (collectively, "Parties") or of third parties who engaged in a business relationship with Plaintiffs, most of which were designated "confidential" or "highly confidential" by the producing party.

    The Second Circuit follows a three-step inquiry for evaluating sealing requests.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  First, the court looks to whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process."  *Id*. at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).  Second, the court determines the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power."  *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")).  Finally, the court determines whether the party moving to seal has demonstrated that the presumption of public access is overcome by the need to protect "higher values."  *Id*. at 120.

    "Documents submitted in support or opposition to a motion to dismiss are judicial documents." *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019).  A presumption of public access attaches to judicial documents, *Lugosch*, 435 F.3d at 119–20, but that presumption should not be given much weight here.  "[W]hile evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.'"  *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019).

    Documents attached to the Motion to Dismiss include documents produced by Plaintiffs or third-parties which are designated "confidential" or "highly confidential."  "Documents the producing party can designate as "confidential" or "highly confidential" include those containing personal identifying information; those containing confidential business information, the disclosure of which may result in commercial harm; and information the producing party otherwise believes can be subject to protection under Rule 26(c) of the



Hon. Katherine Polk Failla, U.S.D.J.
June 24, 2022
Page 2

Federal Rules of Civil Procedure." *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 JMF, 2015 WL 4522778, at *1 (S.D.N.Y. July 24, 2015)*.*

There is a strong consideration weighing against public access here because the portions of the Motion to Dismiss that Defendants seek to redact contain confidential business information. The disclosure of a company's confidential business information, such as sensitive internal business strategies, is adverse to the company's privacy interests and may also harm its competitive standing. The Court "regularly grant requests to seal parties' agreements where disclosure to third parties would harm a litigant's competitive standing." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 1:22-cv-377-VSB, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022); *see also Encyc. Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp.2d 606, 608-09 (S.D.N.Y. 1998) (granting motion to seal rates charged by HBO to cable operators for programming (or disclosure of information from which those rates could be obtained)); *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, No. 16-CV-6276 (AJN), 2018 WL 4759744, *13 (S.D.N.Y. Sept. 30, 2018) (approving redactions of portions of confidential settlement agreements and confidential business information "that could harm Plaintiff's competitive standing").

Moreover, public access to a company's proprietary technical information can be highly prejudicial. Courts generally recognize that the privacy interest in redacting or sealing proprietary technical information is high. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (finding that unsealing Microsoft's technical information including "confidential and proprietary data collection procedures, image processing procedures, specific hardware used to perform these procedures, and confidential details about Microsoft's source code" would be highly prejudicial as it "could allow competitors an unfair advantage."); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing information "concerning the defendants' marketing strategies, product development, costs and budgeting"); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal plaintiff's (i) sales and revenue, (ii) analytical testing of its products, (iii) qualitative market research, and (iv) research and development for new products.)

Finally, documents that Defendants seek to redact contain identities and confidential information of non-parties. The Court considers the privacy interests of non-parties as competing considerations against the presumption of access. *Whittaker v. MHR Fund Mgmt. LLC*, No. 1:20-CV-07599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021), *appeal withdrawn*, 2022 WL 1280382 (2d Cir. Feb. 7, 2022). Courts have allowed redactions of third-party employees' compensation information, investor identities (particularly where "there is no evidence that the identities of investors directly affect the adjudication"), and information regarding a company's internal business strategies. *Id*. at 2-3 (citations omitted).

In addition, in connection with the Motion to Dismiss, Defendants request that the Court take judicial notice of the corporate filings and assignment agreements retrieved from official government websites, and court filings from a prior lawsuit. Courts take judicial notice of "documents retrieved from official government websites" for purposes of a motion to dismiss. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y, 2015); *see also Goldman v. Barrett*, No. 15 CIV. 9223 (PGG), 2017 WL 4334011, at *1 (S.D.N.Y. July 25, 2017), *aff'd*, 733 F. App'x 568 (2d Cir. 2018) (taking judicial notice of the Pennsylvania Secretary of State's records concerning an entity's formation and dissolution); *MidCap Bus. Credit, LLC v. MidCap Fin. Tr.*, No. 21 CIV. 7922 (AKH), 2022 WL 684756, at *1 (S.D.N.Y. Mar. 8, 2022) (taking judicial notice of the attending documents to the registered trademark available on the USPTO website). *See also Holland v. JPMorgan Chase Bank, N.A.*, No. 19 CIV. 00233 (PAE), 2019 WL 4054834, at *3 (S.D.N.Y. Aug. 28, 2019) (taking judicial notice of filings made in another court). Corporate filings



Hon. Katherine Polk Failla, U.S.D.J.
June 24, 2022
Page 3

including Mya Number's articles of entity conversion and certificate of administrative dissolution, Network Apps, LLC's certificate of formation from the Washington Secretary of State website,[1] and Assignment Agreements for the asserted patent from the USPTO website[2] are documents retrieved from official government websites of which the Court may properly take judicial notice.

For these reasons, Defendants request the Court's permission to file under seal identified portions of their Motion to Dismiss and request the Court take judicial notice of documents submitted in support of the Motion to Dismiss.

Respectfully submitted,

/s/ Christopher W. Kennerly

Christopher W. Kennerly
of PAUL HASTINGS LLP

*Attorney for Defendants*

cc:     All Counsel of Record (via ECF)

LEGAL_US_W # 112596980.4

```
The Court is in receipt of Defendants' letter seeking leave to file
certain portions of its motion to dismiss and supporting documents
under seal, and hereby GRANTS Defendants' request. The Clerk of
Court is directed to file the documents at docket numbers 134 and
135 under seal, visible to the Court and parties only.  As to
Defendants' request that the Court take judicial notice of certain
documents submitted in support of the motion to dismiss, the Court
will address that request at the time it resolves the motion to
dismiss.  The Clerk of Court is directed to terminate the pending
motion at docket number 129.
```

|  |  |
|---|---|
| Dated:    June 27, 2022<br>          New York, New York | SO ORDERED.<br><br>*Katherine Polk Failla*<br><br>HON. KATHERINE POLK FAILLA<br>UNITED STATES DISTRICT JUDGE |

---

[1] https://ccfs.sos.wa.gov/#/Home
[2] https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=9439728&type=patNum