

1900 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067
www.rossllp.la

Richard A. Schwartz
(424) 704-5600
rschwartz@rossllp.la

July 25, 2022

**Via CM/ECF and Email**

Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Re:  *Network Apps, LLC et al. v. AT&T Inc. et al.*, Case No. 21-cv-718-KPF: Motion to Seal Plaintiffs' Opposition to Defendants' Motion to Dismiss

Dear Judge Failla:

Together with counsel from Cadwell Clonts Reeder & Thomas LLP and Lazare Potter Giacovas & Moyle LLP, we represent Plaintiffs in the above-captioned matter.  We submit this letter-motion pursuant to the Court's individual rules of practice 9(c) to request that the Court grant Plaintiffs leave to file redacted versions of Plaintiffs' opposition to Defendants' motion to dismiss and certain exhibits as well as to file under seal unredacted versions of the same documents. In support of their opposition to Defendants' motion to dismiss, Plaintiffs respectfully request that the Court grant their letter motion to file Plaintiffs' Opposition and the below enumerated documents under seal.

The Second Circuit follows a three-step inquiry for evaluating sealing requests. *Lugosch v. Pyramid Co. of Onondega*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Under that procedure, a court (1) examines whether the documents are "judicial records" subject to the presumption of public access; (2) determines the weight to be ascribed to the presumption in light of the extent to which the material sought to be sealed affects adjudication of the case; and (3) balances competing considerations against public disclosure.  *Id.*

Some of the documents sought to be filed under seal reflect information that was previously sealed by order of this Court.  *See* Dkt. # 136 (Minute Order appended to Defendants' Motion to Seal). In an effort to follow this Court's prior ruling, we respectfully request that the Court grant Plaintiffs' letter-motion to file references to those documents in Plaintiffs' filing under seal and to file redacted versions omitting any potentially confidential information in the public file.  As for information previously sealed, the Court necessarily concluded that the factors weighing against public disclosure of the information outweighed the public's interest in monitoring the courts, which can only be achieved by open records and open courtrooms.

Nothing about the sensitivity of the information has changed in the time since the Court granted Defendants' motion to seal.  The information contained in the documents has not been publicly disclosed, and the brief passage of time—some four weeks—presumably has not lessened the sensitivity of the information for Defendants, Plaintiffs, or third parties.

Hon. Katherine Failla
July 25, 2022
Page 2 of 3

Therefore, because the Court has previously ordered the same or similar information sealed, and because none of the factors have changed in the time since the information was sealed, Plaintiffs request that the Court grant permission to Plaintiffs to publicly file redacted versions of those documents and to file under seal unredacted versions of the same.

In addition to the documents previously sealed, Plaintiffs request that it be allowed to file the following documents in support of its opposition, which similarly contain sensitive business information of Plaintiffs and third parties:

Declaration of Kyle Schei

Declaration of Kyle Schei, Exhibit F

Declaration of Kyle Schei, Exhibit H

Declaration of Kyle Schei, Exhibit I

Declaration of Kyle Schei, Exhibit J

Declaration of Kyle Schei, Exhibit K

Declaration of Kyle Schei, Exhibit L

Declaration of John Wantz

These documents (collectively, the "Sealed Documents") consist of information and documents that pertain to proprietary and confidential technical and business information of Plaintiffs, Defendants, and third parties, most of which were designated "confidential" by the producing party pursuant to Dkt. # 128.

The Protective Order permits the parties to designate certain categories of sensitive information produced in the course of discovery as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" Dkt. #128 ¶2.4. The Protective Order states that without permission from the Designating Party or a court order, Protected Material may only be filed under seal. *Id.* ¶14.4. The weight of the presumption that documents will be publicly filed is "not particularly great" where, as here, "[t]he documents are not to be submitted in connection with a dispositive motion," but instead in connection with a motion to dismiss. *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-cv-6608, 2014 U.S. Dist. LEXIS 122732, at *4 (S.D.N.Y. Sep. 2, 2014). Exhibit F to the Declaration of Kyle Schei is an email AT&T personnel designated as privileged and confidential in the body of the email. In addition, Exhibit H to the Declaration of Kyle Schei is a document designated by a third party as confidential that relates to their internal business dealings, and the other Sealed Documents have been designated as confidential because they contain non-public information regarding their internal business dealings and confidential business dealings with third parties. *City of Almaty v. Ablyazov*, No. 15-cv-5345 (AJN), 2021 U.S. Dist. LEXIS 59662, at *3-4 (S.D.N.Y. Mar. 29, 2021) (granting motion to seal documents relating to company's "internal strategic discussions").

Hon. Katherine Failla
July 25, 2022
Page 3 of 3

      For the foregoing reasons, Plaintiffs respectfully request that the Court order that the Sealed Documents be filed under seal.

      Separately, and in connection with its opposition to Defendants' Motion to Dismiss, Plaintiffs request that the Court take judicial notice of the excerpts from the file history of the '728 Patent retrieved from official government websites, attached to the Declaration of John Wantz as Exhibit M. Courts take judicial notice of "documents retrieved from official government websites, such as the United States Patent and Trademark Office" for purposes of a motion to dismiss. *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014) ("the Court may take judicial notice of official records of the United States Patent and Trademark Office (PTO)").

                                                 Respectfully Submitted,

                                                 ROSS LLP

                                                 By: */s/ Richard A. Schwartz*
                                                 Richard A. Schwartz

cc: All counsel of record (via email)

---

```
Application GRANTED.  The Court is in receipt of Plaintiffs'
letter seeking leave to file certain portions of its motion to
dismiss and supporting documents under seal, and hereby GRANTS
Plaintiffs' request.  The Clerk of Court is directed to file
the documents at docket numbers 141, 142, and 143 under seal,
visible to the Court and parties only. As to Plaintiffs'
request that the Court take judicial notice of certain
documents submitted in opposition to the motion to dismiss, the
Court will address that request at the time it resolves the
motion to dismiss. The Clerk of Court is directed to terminate
the pending motion at docket number 137.

Dated:     July 26, 2022              SO ORDERED.
           New York, New York
```

*[Signature: Katherine Polk Failla]*

                                                 HON. KATHERINE POLK FAILLA
                                                 UNITED STATES DISTRICT JUDGE