

1(650) 320-1808
chriskennerly@paulhastings.com

August 8, 2022

**VIA ECF AND E-MAIL**



Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   *Network Apps, LLC et al. v. AT&T Inc. et al.*, Civ. No. 21-cv-00718-KPF
      Motion to Seal Reply in Support of AT&T Defendants' Motion to Dismiss and Request for Judicial Notice

Dear Judge Failla:

      Pursuant to Section 9(C) of this Court's Individual Rules of Practice, Defendants AT&T Mobility LLC and AT&T Services, Inc. (collectively, "AT&T") submit this letter motion for leave to file under seal identified portions of their Reply in Support of AT&T's Motion to Dismiss and supporting exhibits ("Reply").

      On June 24, 2022, AT&T filed a motion to seal identified portions of the opening brief in support of their motion to dismiss along with supporting exhibits. Dkt. 129. On June 27, the Court granted AT&T's sealing motion. Dkt 136. On July 25, 2022, Plaintiffs Network Apps, LLC, Kyle Schei, and John Wantz (collectively, "Plaintiffs") filed a similar motion to seal identified portions of their opposition to AT&T's motion to dismiss and supporting documents. Dkt. 137. On July 26, the Court granted Plaintiffs' sealing motion. Dkt. 144. The information and documents that were the subject of the parties' sealing motions pertain to proprietary and confidential technical and business information of Plaintiffs, AT&T, and/or third parties who engaged in a business relationship with Plaintiffs, most of which were designated "confidential" or "highly confidential" by the producing party pursuant to the Stipulated Protective Order at Dkt. 128.

      The Second Circuit follows a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court looks to whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Second, the court determines the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). Finally, the court determines whether the party moving to seal has demonstrated that the presumption of public access is overcome by the need to protect "higher values." *Id.* at 120.

      In granting the parties' previous sealing motions, the Court necessarily concluded that the factors weighing against public disclosure of the information outweighed the public's interest in monitoring the courts, which can only be achieved by open records and open courtrooms. Nothing about the sensitivity of the information has changed in the time since the Court granted the parties' previous motions to seal. The information contained in the documents has not been publicly disclosed and the brief passage of time has not lessened the sensitivity of the information.



Hon. Katherine Polk Failla, U.S.D.J.
August 8, 2022
Page 2

In addition, in connection with the Reply, AT&T requests that the Court take judicial notice of the excerpts from the prosecution history of U.S. Patent No. 9,723,462 (the "'462 Patent") retrieved from official government websites. Courts take judicial notice of documents retrieved from official government websites such as the United States Patent and Trademark Office for purposes of a motion to dismiss. *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014) ("the Court may take judicial notice of official records of the United States Patent and Trademark Office (PTO)").

For these reasons, and the reasons explained in AT&T's previous sealing motion, Dkt. 129, AT&T seeks the Court's permission to file under seal identified portions of its Reply and supporting exhibits and requests the Court to take judicial notice of the prosecution history of the '462 Patent.

Respectfully submitted,

By: *S/ Christopher W. Kennerly*
    Christopher W. Kennerly (*pro hac vice*)
    chriskennerly@paulhastings.com
    Alexander H. Lee (*pro hac vice*)
    alexanderlee@paulhastings.com
    Joshua Yin (*pro hac vice*)
    joshuayin@paulhastings.com
    PAUL HASTINGS LLP
    1117 S. California Avenue
    Palo Alto, California 94304-1106
    Telephone: 1(650) 320-1800
    Facsimile: 1(650) 320-1900

    Robert Laurenzi
    robertlaurenzi@paulhastings.com
    PAUL HASTINGS LLP
    200 Park Avenue, 26th Floor
    New York, NY 10166
    Telephone: (212) 318-6000
    Facsimile: (212) 318-6100

*Attorney for Defendants*

cc:    All Counsel of Record (via ECF)

Application GRANTED.  The Clerk of Court is directed to file the documents at docket numbers 148 and 149 under seal, visible to the Court and parties only.  As to Defendants' request that the Court take judicial notice of certain documents submitted in support of the motion to dismiss, the Court will address that request at the time it resolves the motion to dismiss. The Clerk of Court is directed to terminate the pending motion at docket number 145.

Dated:    August 9, 2022          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE