UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETWORK APPS, LLC, *a Washington limited liability company*, KYLE SCHEI, and JOHN WANTZ, *individuals*,

                    Plaintiffs,

               -v.-

AT&T MOBILITY LLC, *a Delaware limited liability company* and AT&T SERVICES, INC., *a Delaware corporation*,

                    Defendants.

21 Civ. 718 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Before the Court are two motions filed by Plaintiffs Kyle Schei and John Wantz, and former Plaintiff Network Apps, LLC (together, "Plaintiffs"): the first, a motion for reconsideration filed on April 5, 2023, pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 (Dkt. #157-158); and the second, a motion to file an amended complaint filed on December 18, 2023, pursuant to Federal Rule of Civil Procedure 15(a)(2) (Dkt. #166).  For the reasons set forth below, the Court grants Plaintiffs' motion to amend and denies as moot Plaintiffs' motion for reconsideration.

The Court assumes familiarity with the factual and procedural histories of this litigation and incorporates by reference the facts set forth in its March 22, 2023 Opinion and Order granting in part and denying in part Defendants' motion to dismiss.  (Dkt. #155).  The Court summarizes below only the facts and procedural history essential to the adjudication of the instant motions.

On January 26, 2021, Plaintiffs commenced this action by filing a complaint asserting claims for breach of contract under state law, patent infringement pursuant to 35 U.S.C. § 271, and correction of inventorship pursuant to 35 U.S.C. § 256.  ("Complaint" (Dkt. #1)).  On April 5, 2021, Defendants filed a pre-motion letter seeking leave to file a motion to dismiss this action.  (Dkt. #46).  At the corresponding April 28, 2021 pre-motion conference, the Court asked Plaintiffs' counsel whether it had "contemplated amendments to the pleading." (*See* Dkt. #61 at 15:19-23).  Plaintiffs did not subsequently seek any amendments to the Complaint, and on June 24, 2022, Defendants filed a motion to dismiss this action.  (Dkt. #130-135).  Plaintiffs filed their opposition to Defendants' motion to dismiss on July 25, 2022.  (Dkt. #138).  In their memorandum of law, Plaintiffs included a one-sentence, boilerplate request for leave to amend.  (*See id.* at 6 ("To the extent that the Court believes that any aspect of the Complaint is deficient, Plaintiffs respectfully request that they be given an opportunity to amend the Complaint. Fed. R. Civ. P. 15(a)(2).")).  On October 8, 2022, Defendants filed a reply in further support of their motion.  (Dkt. #146).

On March 22, 2023, the Court granted in part and denied in part Defendants' motion to dismiss.  (Dkt. #155).  In particular, the Court dismissed Plaintiffs' breach of contract and patent infringement claims without leave to amend, but denied Defendants' motion to dismiss Plaintiffs' separate claim for correction of inventorship.  (*See generally id.*).

On April 5, 2023, Plaintiffs filed a motion for reconsideration, primarily arguing that (i) Plaintiffs' contract claims for breach of Defendants' obligations to assign patent rights and pay royalties were not time-barred under the theory that the parties' agreement contained several, divisible obligations; (ii) the Court should reconsider the '728 patent's eligibility; and (iii) the Court should have granted Plaintiffs leave to amend their Complaint.  (*See* Dkt. #158). Defendants filed an opposition to Plaintiffs' reconsideration motion on March 19, 2023.  (Dkt. #161).  While Plaintiffs' reconsideration motion was still pending, on December 18, 2023, Plaintiffs filed a letter motion seeking leave to file an amended complaint ("Pl. Letter" (Dkt. #166)), which motion Defendants opposed (Dkt. #167).

The Court first considers Plaintiffs' letter motion to amend, inasmuch as granting that motion would render Plaintiffs' motion for reconsideration moot. "Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court 'should freely give leave [to amend] when justice so requires.'"  *Gorman* v. *Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting Fed. R. Civ. P. 15(a)(2)).  Consistent with this liberal amendment policy, "'[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'"  *Id.* (quoting *Block* v. *First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

That said, "it remains 'proper to deny leave to replead where ... amendment would be futile.'" *Gorman*, 2014 WL 7404071, at *2 (quoting *Hunt*

v. *All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)); *cf. Nat'l Petrochemical Co. of Iran* v. *M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) ("[u]nless there is a valid basis to vacate [a] previously entered judgment, it would be contradictory to entertain a motion to amend the [underlying] complaint").  When assessing futility, the court employs a standard comparable to that utilized in assessing a motion to dismiss under Rule 12(b)(6).  *Milanese* v. *Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss").  Ultimately, whether to grant leave to amend is addressed to the court's discretion.  *See Krupski* v. *Costa Crociere S.p.A.*, 560 U.S. 538, 553 (2010) ("Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading to add a party or a claim.").

Recently, the Second Circuit reaffirmed its strong preference for providing plaintiffs with an opportunity to amend deficiencies, particularly when a plaintiff has not had the benefit of a district court's ruling on the issues relevant to amendment:

> Federal Rule of Civil Procedure 15(a)(2) states that court[s] should freely give leave [to amend] when justice so requires.  We have upheld Rule 15(a)(2)'s liberal standard as consistent with our strong preference for resolving disputes on the merits.  We have been particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue, reasoning that [w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific

4

> deficiencies. However, denial of leave to amend is
> proper if amendment would be futile. In particular, [a]
> plaintiff need not be given leave to amend if it fails to
> specify either to the district court or to the court of
> appeals how amendment would cure the pleading
> deficiencies in its complaint.

*APP Grp. Inc.* v. *Rudsak USA Inc.*, No. 22-1965, 2024 WL 89120, at *4-5

(2d Cir. Jan. 9, 2024) (summary order) (quoting *Attestor Value Master*

*Fund* v. *Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019)); *see also*

*Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Secs., LLC*, 797 F.3d 160,

190 (2d Cir. 2015) (finding it improper to provide plaintiffs with "a

Hobson's choice: agree to cure deficiencies not yet fully briefed and

decided or forfeit the opportunity to replead").

With this standard in mind, and having carefully reviewed the record in

this case, including all of the submissions for both motions, the Court is

constrained to grant Plaintiffs' motion for leave to amend. Among other

arguments, Plaintiffs assert that amendment would provide information absent

from the record demonstrating the uniqueness of their invention as well as a

more detailed explanation of its technology. (Pl. Letter 2). Furthermore,

Plaintiffs argue that amendment would remedy and clarify the basis for their

breach of contract claims by making clear that Defendants' patent applications

were not the basis for the breach claims, but rather Defendants' failure to

perform independent contractual obligations set forth in the parties'

agreement. (*Id.*).

The Court finds that the filing of an amended complaint, as proposed,

would not be futile. The Court agrees that inclusion of additional factual

allegations regarding Plaintiffs' technology and amendment to clarify its breach
of contract claims to reflect the doctrine of several, divisible obligations might
well serve to remove the ambiguity that the Court found in their claims.  (Pl.
Letter 2).  Specific allegations detailing how Plaintiffs' technology was indeed
state of the art at the time of the invention, and not just an abstract idea of
"grouping of numbers," could also provide the Court additional factual clarity
necessary to determine the validity of the patent infringement claim.  (*Id.*).
Finally, clarification that Plaintiffs' breach of contract claims were not based on
a single wrongful act, but rather on ostensibly divisible breaches, could
materially affect the merits of Defendants' argument that the claims were
untimely.  (*Id.*). While it would have been the Court's strong preference for
Plaintiffs to have included these arguments in their original request for
amendment, the Court acknowledges that they may not have been in a position
to weigh the "practicality and possible means of curing specific deficiencies"
without the benefit of the Court's ruling.  *APP Grp., Inc.*, 2024 WL 89120, at *4
(citation omitted).

Therefore, while the Court takes no position whether such amendments
would be sufficient to survive a Rule 12(b)(6) motion, they are clearly not futile,
and Plaintiffs should be provided an opportunity to correct these deficiencies.
*See Cresci* v. *Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir. 2017)
(summary order) (holding that district court erred in denying leave to amend
when it "granted the defendant's motion to dismiss, identif[ied] the flaws it
found in [plaintiff's] complaint, and denied [plaintiff] leave to replead, faulting

him for having failed to submit a proposed amended complaint in the time between the defendant's motion to dismiss and the court's ruling on it").

Accordingly, Plaintiffs' motion for leave to amend is GRANTED and Plaintiffs' motion for reconsideration is DENIED as moot.  Plaintiffs shall file their amended complaint on or before **March 4, 2024**.  Defendants shall file an answer or otherwise respond to the amended complaint on or before **April 5, 2024**.

The Clerk of Court is directed to terminate the motions pending at docket entries 157 and 166.

SO ORDERED.

Dated:   February 20, 2024
         New York, New York

_____
       KATHERINE POLK FAILLA
       United States District Judge

7